# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30886
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEYBA DIALLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-189-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Seyba Diallo appeals his jury convictions for two counts of knowingly preventing and hampering his departure from the United States pursuant to an outstanding final order of removal in violation of 8 U.S.C. § 1253(a)(1)(C). He contends that that the evidence at trial was insufficient to sustain his convictions. Because Diallo moved for a judgment of acquittal at the close of the Government's case and renewed the motion at the close of all of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, he has properly preserved his sufficiency claim for appellate review. *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

Section 1253(a)(1)(C) provides, in relevant part, that "[a]ny alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in [8 U.S.C. § 1227(a)], who . . . connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such . . . shall be fined . . . or imprisoned not more than four years." § 1253(a)(1)(C). Diallo does not dispute that he was subject to a final order of removal to the Central African Republic, that he was a deportable alien as defined by § 1227(a), or that he refused to be removed to the Central African Republic. Instead, he contends that the evidence was insufficient to support a finding that he *knowingly* prevented or hampered his removal because, based on the Bureau of Immigration and Customs Enforcement's (ICE) actions, he reasonably believed that he would be removed to Mali instead of the Central African Republic.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to support a finding that Diallo knowingly connived or took other actions designed to prevent or hamper or with the purpose of preventing or hampering his removal. Diallo does not dispute that he was subject to a valid and final order of removal to the Central African Republic or that the Central African Republic had issued two sets of travel documents allowing for his removal to that country. Unlike the immigration officials' representations in *Heikkinen v. United States*, 355 U.S. 273, 279-80 (1958), the fact that ICE had memorialized Diallo's claim that he was a citizen of Mali and had requested travel documents from the Malian Embassy did not reasonably suggest that ICE had abandoned its efforts to remove him to the Central

No. 13-30886

African Republic or justify his failure to cooperate with the valid removal order. As the deportation officer explained, a person can request travel documents from any country he chooses and some countries issue travel documents to non-natives if the person has other ties to that country. Diallo maintained that he was a native and citizen of the Central African Republic throughout his immigration proceedings, and it was not until June 23, 2011, six years after the issuance of the Notice to Appear and nearly two years after the removal order became final, that he claimed to be a native and citizen of Mali. Further, more than one year after ICE's request, the Malian government had not issued any travel documents. The jury was free to reject Diallo's proffered defense and instead infer that his claim of Malian citizenship was nothing more than another attempt to delay or prevent his removal to the Central African Republic.

Diallo was repeatedly warned that his failure to cooperate with his removal to the Central African Republic could result in criminal prosecution. Despite these warnings, Diallo continued to prevent and hamper his removal by becoming disruptive and physically resisting the immigration enforcement agents when they attempted to escort him onto commercial flights bound for the Central African Republic on November 14, 2011, and March 13, 2012. As a result of Diallo's actions, ICE was forced to abandon their efforts to remove him from the United States. In light of the foregoing, the evidence at trial was sufficient to sustain Diallo's convictions, and the district court's judgment is AFFIRMED.