# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-30191
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

INNOCENT SAFARI NZAMUBEREKA,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CR-170-1

—————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Innocent Safari Nzamubereka, a citizen of Rwanda, appeals his jury convictions for two counts of conniving, conspiring, or taking any other action designed to prevent or hamper, or with the purpose of preventing or hampering, his departure from the United States pursuant to an outstanding final order of removal in violation of 8 U.S.C. § 1253(a)(1)(C). He preserved his claims regarding the sufficiency of the evidence, which we review *de novo*.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30191

*United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2002). "[W]e view the evidence in the light most favorable to the jury verdict and will affirm 'if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt.'" *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999) (quoting *United States v. Castro*, 15 F.3d 417, 419 (5th Cir. 1994)).

Nzamubereka does not dispute that his asylum had been revoked following his conviction for aggravated assault and that he was subject to a valid final order of removal to Rwanda. He challenges only the sufficiency of the evidence with respect to his mens rea. We have previously indicated that a § 1253(a)(1)(C) violation requires proof that a defendant "knowingly" prevented or hampered his removal. *United States v. Diallo*, 569 F. App'x 221, 221-22 (5th Cir. 2014). The indictment in this case charged that Nzamubereka acted knowingly and willfully, and the district court defined both terms for the jury. We need not resolve whether the statute requires "willful" as well as "knowing" action because the evidence, viewed in the light most favorable to the verdict, was sufficient to support a finding of both.

Deportation officers testified that Nzamubereka was repeatedly warned that failure to cooperate with his removal could result in criminal prosecution. Despite these warnings, on the two occasions charged in the indictment, Nzamubereka refused to sign a transit visa application necessary to remove him to Rwanda via South Africa. Nzamubereka contends that the jury could not have found that he acted knowingly or willfully because he reasonably (but erroneously) believed that he still had asylum. Government deportation officers testified that they had explained to Nzamubereka why his belief was incorrect and unsupported; the jury was entitled to credit that testimony and to reject Nzamubereka's proffered defense. Moreover, unlike the immigration

officials' representations in *Heikkinen v. United States*, 355 U.S. 273, 279-80 (1958), the opaque Department of Homeland Security form regarding his asylum status, which predated the final order of removal, does not negate a finding of knowing and willful action as a matter of law.

In light of the foregoing, the jury's findings were a reasonable construction of the evidence. *Lankford*, 196 F.3d at 575. We will not disturb those findings on appeal. *Id.*

AFFIRMED.